IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANTHONY HANDY | § | |
| VS. | § | CIVIL ACTION NO.  9:14-CV-152 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Anthony Handy, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.  The Magistrate Judge recommends dismissing the petition without prejudice as a successive petition, filed without authorization from the United States Court of Appeals for the Fifth Circuit.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration of all the pleadings and the relevant case law, the court concludes that petitioner's objections lack merit.

Petitioner was charged in a two-count indictment in cause number 20972 in Angelina County, Texas with the offenses of aggravated robbery and burglary of a habitation.  Petitioner contends that

this petition is not successive because he challenged his aggravated robbery conviction in his 2003 federal habeas petition, and he challenges the burglary of a habitation conviction in this petition. In fact, petitioner did challenge his burglary of a habitation conviction in his first petition by arguing that it violated the Double Jeopardy Clause of the United States Constitution. *See Handy v. Director*, Civil Action No. 9:03-CV-106 (E.D. Tex. Sept. 8, 2003). In denying a certificate of appealability, the United States Court of Appeals for the Fifth Circuit referenced both convictions. Therefore, this is a successive petition.

Even if this petition was not successive, it is barred by the one-year statute of limitations. 28 U.S.C. § 2254(d). Petitioner claims that his 1999 conviction for burglary of a habitation is void due to the misjoinder of offenses. This claim was available to petitioner at the time of his conviction, and he has not demonstrated any grounds warranting equitable tolling of the statute of limitations.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement

to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 26th day of January, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE